(79 South. 152)

DUNN v. STATE.   (6 Div. 448.)

(Court of Appeals of Alabama.   May 28, 1918.)

1. TRESPASS ☞87 — CRIMINAL LIABILITY — INFORMATION.

Affidavit, charging that defendant knowingly entered upon lands of affiant and cut down wood or timber growing thereon with intent to remove and appropriate same to his own use, charged an offense under Code 1907, § 7828. .

2. TRESPASS ☞88 — CRIMINAL RESPONSIBILITY — SUFFICIENCY OF EVIDENCE.

In prosecution under Code 1907, § 7828, for knowingly entering upon lands of W. E. Dunn and cutting down timber with intent to remove and appropriate same, necessary proof that offense was against ownership of property was not made by introduction of deed showing that lands belonged to W. Alonzo Dunn.

3. TRESPASS ☞88 — CRIMINAL LIABILITY — EVIDENCE ADMISSIBLE.

In prosecution under Code 1907, § 7828, for knowingly entering upon land of W. E. Dunn and cutting down timber growing thereon with intent to remove and appropriate same, deed executed to W. Alonzo Dunn, not being signed by defendant, res inter alios acta, and inadmissible for any purpose.

Appeal from Circuit Court, Walker County; T. L. Sowell, Judge.

J. Mace Dunn was convicted of trespass and appeals. Reversed and remanded.

Leith & Gunn, of Jasper, for appellant. F. Loyd Tate, Atty. Gen., for the State.

BRICKEN, J.   [1] The defendant was tried and convicted upon an affidavit which charged "that within 12 months before the making of this affidavit, and in said county, Mace Dunn, whose name is to the affiant otherwise unknown, knowingly entered upon the land of the affiant and cut down wood or timber growing thereon, with the intent to remove and appropriate same to his own use." The sufficiency of this affidavit was not challenged by demurrer or otherwise. It charged an offense under section 7828 of the Code of 1907, and charged a trespass upon the lands of W. E. Dunn, by having knowingly entered upon said land and cut wood or timber growing thereon, etc.   On the trial of this case, over the timely objection of the defendant, the court permitted

the solicitor to introduce in evidence a deed executed by "Elbert Dunn and Martha Dunn to W. Alonzo Dunn," for the purpose of showing ownership or title in W. E. Dunn, whose lands were alleged to have been trespassed upon. In this there was error which necessitates a reversal of the judgment of conviction.

[2] The offense denounced by the statute (section 7828) is one against the ownership of the property upon which the alleged trespass is said to have been committed, in the instant case, the lands of prosecutor W. E. Dunn, and this necessary allegation is not met by the proof ·by the introduction in evidence of a deed showing that the lands belonged to W. Alonzo Dunn.

[3] The deed was res inter alios acta, as it was not signed by the defendant and was not admissible against him for any purpose. Furthermore, it does not appear from the record that W. Alonzo Dunn, the grantee in the deed, and W. E. Dunn, is the same person who appears as prosecutor in this case.

The substantive law in the case was well and clearly stated by the court in its oral charge. Other questions presented on this appeal need not be considered.

The judgment of the lower court is reversed, and the cause is remanded.

Reversed and remanded.